IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CINDY SIMPSON as Personal
Representative of the Estate of
RICKEY RAY SIMPSON, deceased,

      Plaintiff,

vs.                                        CIV. NO. 07-942

NEW MEXICO DEPARTMENT OF
CORRECTIONS, JOSE ROMERO, CHRIS
BIDDLE, ROSEMARY BECK, MD, JAMES
MONTOYA, and ANGELA BAKER-BILLINGS,
LPN, in their individual capacities.

      Defendants.

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES**

Plaintiff Cindy Simpson as Personal Representative of the Estate of Rickey Ray Simpson, by and through her attorneys, brings this complaint for violation of his civil rights under 42 U.S.C. §§ 1983 and 1988, and, for state law torts including false imprisonment, negligent infliction of emotional distress, recklessness, gross negligence, and negligence; and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims. Venue is proper in this District as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

**PARTIES**

1

2. Plaintiff's decedent, Mr. Simpson, was a resident and citizen of the state of New Mexico.

3. Defendant the New Mexico Department of Corrections operates the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico.

4. Defendant Jose Romero was, at all relevant times herein, the warden of CNMCF employed by Defendant the New Mexico Department of Corrections.

5. Defendant James Montoya was, at all relevant times herein, the Unit Manager of the Long-Term Care Unit at CNMCF.

6. Defendant Chris Biddle was, at all relevant times herein, a caseworker at CNMCF employed by Defendant the New Mexico Department of Corrections.

7. Defendant Angela Baker-Billings was, at all times relevant herein, a Licensed Practical Nurse who provided health-care and other services at CNMCF. Defendant Baker-Billings was employed by Defendant the Department of Corrections.

8. Defendant Rosemary Beck, MD was, at all times relevant herein, the Medical Director of CNMCF employed by the New Mexico Department of Corrections.

9. The individual Defendants are sued in their individual capacities.

10. At all times material to this Complaint, the individual Defendants were acting under color of law and within the scope of their duties and employment.

**FACTUAL BACKGROUND**

11. On or about November 6, 2001 Mr. Simpson was transferred to the custody of the CNMCF.

12. During the course of his incarceration, Mr. Simpson suffered from various severe medical conditions, including renal disease and diabetes.

13. On or about June 6, 2005 Mr. Simpson became eligible for release on parole.

14. On or about this date, Mr. Simpson began an in-house parole.

15. On or about September 21, 2005 the New Mexico Parole Board signed a certificate of parole, authorizing Mr. Simpson to be paroled from the CNMCF to the home of his step-son Lucas Sargeant.

16. In anticipation of his release, Mr. Simpson's children, Justin Sargeant, Lucas Sargeant, and Ricki Simpson, prepared living quarters and a dialysis program for their father.

17. Notwithstanding the certificate of parole, and despite Mr. Simpson's and his family's persistent requests that he be released, Defendants jointly refused to honor the Parole Board's order and release Mr. Simpson.

18. Defendants did not seek or conduct another parole hearing or take steps to otherwise legally overrule the parole order that was in place.

19. On or about September 7, 2005, at the latest, one of Mr. Simpson's toes had blackened due to gangrene.

20. For approximately five months, despite their knowledge and repeated requests for treatment, Defendants failed to provide adequate medical attention to Mr. Simpson's condition. Over the course of that five-month period, Mr. Simpson's condition grew worse and spread throughout his leg to his hip.

21. On or about January 21, 2005, Defendants finally transferred Mr. Simpson to the hospital where his leg was amputated. However, the medical intervention was too late and Mr. Simpson was pronounced dead on January 22, 2005.

## COUNT I: EIGHTH AMENDMENT CLAIMS AGAINST INDIVIDUAL DEFENDANTS

22. Plaintiff incorporates paragraphs 1 through 21 as though fully set forth herein.

23. Mr. Simpson had the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. This included a right to be free from false imprisonment, torture and deliberate indifference to serious medical needs by Defendants.

24. The individual Defendants violated Mr. Simpson's rights under this constitutional amendment by illegally detaining and falsely imprisoning Mr. Simpson although he had been granted release by the parole board, and by engaging in deliberate indifference to Mr. Simpson's serious medical needs.

25. The acts of the individual Defendants were intentional, malicious, sadistic, willful, wanton, obdurate, and in gross and reckless disregard of Mr. Simpson's constitutional rights.

26. The acts of the individual Defendants proximately caused Mr. Simpson damages and injuries. These damages include physical injury, pain and suffering, and severe psychological and emotional distress.

WHEREFORE, Plaintiff Cindy Simpson as Personal Representative of the Estate of Rickey requests compensatory and punitive damages against the individual Defendants, together with all costs and attorneys' fees.

### COUNT II: FOURTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

27. Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

28. Mr. Simpson had the right to be free from unreasonable seizure and not to be deprived of liberty without due process under the Fourth and Fourteenth Amendments to the United States Constitution.

29. Defendants violated Mr. Simpson's rights when they imprisoned Mr. Simpson at CNMCF despite an order authorizing his release.

30. On or after September 21, 2005, Mr. Simpson, having been granted parole had the right to be free from punishment under the Fourth and Fourteenth Amendments to the United States Constitution.  This included a right to receive necessary medical care.

31. At all relevant times, Defendants had a constitutional duty to provide adequate medical care for the serious medical needs of Mr. Simpson whom they illegally detained.

32. Mr. Simpson's medical needs from September, 2005 until his death on or about January 22, 2005 were of the most serious and obvious kind.

33. Defendants deliberately and consciously ignored Mr. Simpson's serious medical needs, by failing to provide him with necessary medical treatment for his gangrene.

34. Thus, Defendants knowingly placed Mr. Simpson in a dangerous situation, and acted with deliberate indifference to his constitutional right to receive adequate medical treatment while they illegally incarcerated him.

35. Defendants' acts were intentional, malicious, sadistic, willful, wanton, obdurate, and in gross and reckless disregard of Mr. Simpson's constitutional rights.

36. Defendants' actions and omissions as set forth above proximately caused Mr. Simpson damages and injuries as set forth above, including but not limited to physical injury, physical pain and suffering, and severe psychological and emotional distress.

WHEREFORE, Plaintiff Cindy Simpson, as Personal Representative of the Estate of Rickey Simpson requests compensatory and punitive damages against Defendants, together with all costs and attorneys fees.

### COUNT III: TORT CLAIMS AGAINST ALL DEFENDANTS

37. Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38. Defendants falsely imprisoned and inflicted emotional distress upon Mr. Simpson.

39. Defendants' wrongful acts proximately caused Mr. Simpson damages. These damages include physical injury, pain and suffering, and severe psychological and emotional distress.

40. Defendant the New Mexico Department of Corrections is vicariously liable for the negligent, grossly negligent, reckless and intentional torts of the individual

Defendants and other CNMCF employees committed within the scope of their employment.

WHEREFORE, Plaintiff Cindy Simpson, as Personal Representative of the Estate of Rickey Simpson, asks for compensatory and punitive damages, and an award of attorneys' fees and costs, against the individual Defendants, and for compensatory damages and an award of attorneys' fees and costs against Defendant the New Mexico Department of Corrections.

### COUNT IV: CLAIMS FOR NEGLIGENT, GROSSLY NEGLIGENT, AND RECKLESS OPERATION OF A PUBLIC AND MEDICAL FACILITY AGAINST ALL DEFENDANTS

41. Plaintiff incorporates paragraphs 1 through 40 as though fully set forth herein.

42. The individual Defendants and the New Mexico Department of Corrections had a duty to exercise reasonable care for inmates' safety in the operation of CNMCF.

43. Defendants failed to exercise such care, by illegally and falsely imprisoning Mr. Simpson, failing to properly train and supervise its employees, failing to ensure that Mr. Simpson received adequate treatment for his obvious and serious medical needs, to take any steps to eliminate or reduce gross and reckless medical malpractice within the facility, to make other, adequate medical care available to CNMCF inmates, or to otherwise protect the inmates from malpractice.

44. Defendants' actions with regard to Mr. Simpson, his false imprisonment, and his medical treatment needs were in complete derogation of any known standard for the proper administration of a correctional and medical facility, and constituted negligent, grossly negligent, and reckless operation of a public and medical facility, *i.e.*, CNMCF and its long-term care unit.

45. Defendant the New Mexico Department of Corrections is vicariously liable for the negligence, gross negligence, and recklessness of the individual Defendants and other CNMCF employees committed within the scope of their employment.

46. Defendants' negligence, gross negligence, and recklessness as set forth above proximately caused Mr. Simpson damages and injuries as set forth above, including but not limited to physical injury, physical pain and suffering, and psychological and emotional distress.

WHEREFORE, Plaintiff Cindy Simpson, as Personal Representative of the Estate of Rickey Simpson, asks for compensatory damages against Defendants together with an award of costs.

## JURY TRIAL DEMAND

47. Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

/s/ Kirtan Khalsa
Kirtan Khalsa
812 Marquette Ave. NW
Albuquerque, NM 87102
(505) 604-3322

Mark Fine
Fine Law Firm
220 9th St. NW
Albuquerque, NM 87102
(505) 243-4542